

ENTERED
08/24/2020

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **ROBERT MARCUS MICHELENA; dba** | § | **CASE NO: 19-70068** |
| **MANLORSONS ESTATES** | § | |
| Debtor(s) | § | |
| | § | **CHAPTER 11** |

## MEMORANDUM OPINION

### I. INTRODUCTION

It is commonly understood that "Texas Homesteads are favorites of the law, and are liberally construed by Texas courts."[1]  Monica Michelena, debtor's former spouse, objected to Robert Marcus Michelena's declaration of his Texas homestead exemption.[2]  The Court conducted multiple hearings commencing August 23, 2019, and concluding on December 19, 2019.  On March 3, 2020, the Court held a status conference and ordered briefing on a variety of topics related to Debtor's declaration of his homestead exemption.  Briefing has now closed, and the matter is ripe for determination.  For the reasons set forth below, Robert Marcus Michelena's Texas homestead exemption pursuant to Tex. Const. art. 16 §§ 50, 51; Texas Prop. Code. Sec. 41.001-.002 shall encompass only his 66.6% undivided interest in the 7.07-acre tract and his 100% interest in the 0.24-acre tract that together comprise Manlorson's Estates All of Lot 1 Block 1, 7.31AC more commonly known as 5121 W. Business Highway 83, McAllen, Texas 78501.

### II. FINDINGS OF FACT

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to adversary proceedings pursuant

---

[1] *Perry v. Dearing (In re Perry)*, 345 F.3d 303, 316 (5th Cir. 2013).
[2] ECF No. 15.

to Federal Rule of Bankruptcy Procedure 7052. To the extent any finding of fact constitutes a conclusion of law, it is adopted as such. To the extent any conclusion of law constitutes a finding of fact, it is adopted as such. This Court made certain oral findings and conclusions on the record. This Memorandum Opinion supplements those findings and conclusions. If there is an inconsistency, this Memorandum Opinion controls.

### A. Procedural History

At issue here is a 7.31-acre tract known as "Manlorson's Estates All of Lot 1 Block 1 7.31AC," and known locally as 5121 W. Business Highway 83, McAllen, Texas 78501 (the "*Property*"). On March 4, 2019, Robert Marcus Michelena, ("*Debtor*") filed his initial petition and schedules under chapter 11 of title 11 of the United States Code.[3] On Debtor's Official Form 106 A/B, ("*Schedule A*") Debtor listed the Property as his homestead, valued it at $700,000.00, and claimed a 100% interest.[4] On Debtor's Official Form 106C, ("*Schedule C*"), Debtor claimed he alone had a 100% interest in the Property's full value, pursuant to Tex. Const. art. 16 §§ 50, 51; Texas Prop. Code. Sec. 41.001-.002.[5]

On April 4, 2019, Monica Michelena ("*Ms. Michelena*"), Debtor's former spouse, filed an objection to Debtor's claimed homestead exemption, ("*Objection*").[6] Subsequently, on April 23, 2020, Ms. Michelena filed a pleading self-styled as "Monica Michelena's Amended Objection To Property Claimed As Exempt" ("*Amended Objection*").[7] On April 26, 2019, Debtor filed an amended Schedule A and now lists only a 2/3 fee simple interest in the Property

---

[3] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C. "ECF" refers docket entries made in Debtors' bankruptcy case, No. 19-70068.
[4] ECF No. 1 at 9.
[5] ECF No. 1 at 17.
[6] ECF No. 15.
[7] ECF No. 218.

but increased its value to $823,061.00.[8] An amended Schedule C, however, was not filed. On April 28, 2019, Debtor filed his response to Ms. Michelena's Objection.[9] On May 13, 2019, Debtor filed, inter alia, an amended Schedule A still claiming a 2/3 interest in the Property but decreasing its value to $820,195.00 and asserting that the value of his claimed 2/3 interest is $546,741.99.[10] Curiously, Debtor only asserted a claimed exemption in the amount of $459,303.38 on Schedule C.[11] Nevertheless, on June 6, 2019, Debtor once more filed, inter alia, an amended Schedule A, in which the value of the Property remained the same as the May 13, 2019 amendment; however, on amended Schedule C, Debtor now claims up to 100% of fair market value up to any applicable statutory limit which Debtor asserts is $546,741.99.[12]

On August 23, 2019, the Court held an initial hearing, inter alia, on the Objection and continued the matter to September 20, 2019.[13] On September 16, 2019, Debtor filed, inter alia, an amended Schedule A still claiming a 2/3 interest in the Property but now increasing its value to $2,272,552.00. On amended Schedule C, Debtor continues to assert up to 100% of fair market value up to any applicable statutory limit which Debtor asserts is now $1,514,883.16.[14]

On September 20, 2019 the Court held a further hearing, inter alia, on the Objection and continued the matter to November 22, 2019.[15] On November 22, 2019, the Court held a further hearing, inter alia, on the Objection and continued the matter to December 3, 2019.[16] On December 3, 2019, the Court held a further hearing, inter alia, on the Objection and continued

---

[8] ECF No. 42.
[9] ECF No. 49.
[10] ECF No. 56.
[11] *Id.*
[12] ECF No. 66.
[13] Min. Entry August 23, 2019.
[14] ECF No. 116.
[15] Min. Entry September 20, 2019.
[16] Min. Entry November 22, 2019.

the matter to a final hearing on December 19, 2019.[17] Lastly, on December 19, 2019, the Court held a final hearing, inter alia, on the Objection.[18] At the conclusion of the hearing, evidence was closed and the Court ordered the appointment of a chapter 11 trustee and abated all proceedings related to the Objection pending such appointment.[19] On December 23, 2019, Catherine Stone Curtis was appointed chapter 11 trustee.[20]

On January 22, 2020, the Court held a status conference in which all parties requested additional time to attend a mediation in an attempt to settle the Objection.[21] The Court granted the parties' request and continued the status conference to March 3, 2020. On March 3, 2020, the Court held its second status conference in which the parties announced that a settlement could not be reached. At the conclusion of the hearing, the Court ordered briefing on the following discrete issues:

a. Whether Debtor can claim a valid Texas homestead exemption on the entirety of 7.31-acre tract known as "Manlorson's Estates All of Lot 1 Block 1, 5121 W. Business Highway 83, McAllen Texas 78501."

b. What impact, if any, do the following have on Debtor's claimed homestead exemption:

   i. The April 30, 1992 gift deed of a 0.24-acre tract of land to Debtor;
   ii. The Last Will and Testament of Debtor's mother, Loretta Michelena;
   iii. The Last Will and Testament of Debtor's father, Manuel Michelena;
   iv. Debtor's claim of 100% ownership of Hidalgo County of "Manlorson's Estates All of Lot 1 Block 1, 5121 W. Business Highway 83, McAllen Texas 78501";
   v. 11 U.S.C. § 522(p)(1).

Ms. Michelena's Amended Objection is currently the live pleading before the Court.[22]

### III.    CONCLUSIONS OF LAW

---

[17] Min. Entry December 3, 2019.
[18] Min. Entry December 19, 2019.
[19] ECF No. 166.
[20] ECF No. 173.
[21] Min. Entry January 22, 2020.
[22] ECF No. 218.

### A. Jurisdiction, Venue, and This Court's Constitutional Authority to Enter a Final Order

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and now exercises its jurisdiction in accordance with In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012). Furthermore, a determination of Debtor's claimed exemptions is a proceeding that affects the liquidation of assets of the estate or the adjustment of the creditor and debtor relationship, it is a core matter under 28 U.S.C. § 157(b)(2)(O). Because this is a core matter expressly brought under the Code, the Supreme Court's holding in *Stern v. Marshall* is not applicable and this Court holds constitutional authority to enter a final order and judgment with respect to the core matter at bar.[23] Finally, venue is governed by 28 U.S.C. §§ 1408, 1409. Here, venue is proper because the Court presided over the underlying Bankruptcy Case.[24]

### B. Debtor's Legal Interest In The Property

On May 15, 1980, Debtor's parents, Manuel G. Michelena and Loretta Michelena, along with Debtor and his two siblings, Ricardo M. Michelena and Ronald M. Michelena (collectively "*Michelena Family*"), were conveyed 28.355 acres out of Lot 207, John H. Shary Subdivision in McAllen, Texas.[25] Two homes, the main home ("*Large House*") and a smaller, guest home ("*Cottage*"), exist on the Property.[26] Debtor's uncontroverted testimony was that he has resided on the Property for 30 years and, with the exception of the time he cared for his mother in the Large House until shortly after her death, he has lived in the Cottage.[27]

---

[23] 564 U.S. 462 (2011)
[24] *See* ECF No. 1.
[25] Ms. Michelena's Ex. 26, September 20, 2019 Hearing. Debtor alleges in his brief that the Michelena family purchased 19.455 acres in May 1980 and cites to "Vol. 1673, page 676 Hidalgo County Clerk Deed Records," but did not provide that particular deed to the Court in his exhibits. The only evidence related to the May 1980 conveyance reflects that 28.355 acres were conveyed to the family.
[26] Debtor's Ex. 22, September 20, 2019 Hearing.
[27] Debtor's Testimony 2:01:30–2:02:00, 4:09:10–4:11:15, December 3, 2019 Hearing.

On June 3, 1983, the Michelena Family conveyed by deed the most northwestern 4.267 acres of the Property to Manuel G. Michelena and Loretta Michelena.[28] The Large House and the Cottage, where Debtor resides, exist on that piece of land. Therefore, at that time, Debtor became a tenant-at-will and retained his 20% interest in the remainder of the property owned jointly by the Michelena Family.

On December 29, 1985, Manuel G. Michelena died and through his probated will devised his undivided interest in all of his real property, inter alia, subject to Loretta Michelena's homestead interest, to his three sons Ricardo, Roberto and Ronald Michelena.[29] As a result, Debtor received an undivided 16.6% interest in the Property.

On April 30, 1992, Loretta Michelena, Rick M. Michelena, and Ronald M. Michelena, via Gift Deed, deeded to Debtor the following parcel of real property which is located within the 4.267-acre tract previously deeded to Manuel G. Michelena and Loretta Michelena, to wit:

> "A 0.24-acre tract out of Lot 207 John H. Shary Subdivision, Hidalgo County Texas as shown by map or plat thereof . . . said 0.24 acre tract being a portion of the property described in a deed from Loretta Michelena, Independent Executrix of the Estate of Manuel G. Michelena to Rick M. Michelena, Roberto M. Michelena and Ronald M. Michelena. . . ."[30]

Debtor alleges that in 1999, Debtor, along with his mother, Loretta Michelena, and his two siblings developed a mobile home park on the southernmost 12 acres of the Property and sold that portion.[31] Debtor did not provide any evidence for this alleged fact that would allow the Court to verify the truth of the matter. However, an appraisal conducted by the Hidalgo

---

[28] Ms. Michelena's Ex. 2, ECF No. 218.
[29] Ms. Michelena's Ex. 27, September 20, 2019 Hearing.
[30] Debtor's Ex. 25, September 20, 2019 Hearing.
[31] Debtor's Brief at 1, ECF No. 224.

County Appraisal District dated December 9, 2015 for the 2014 appraisal year, reflects that the remaining Property consists of 7.31 acres.[32]

On April 8, 2013, Loretta Michelena died and her will, which was probated on December 18, 2013, devised her undivided remaining 50% interest, inter alia, in the Property to Debtor.[33] Debtor thus acquired an additional undivided 50% interest in the Property. Therefore, at the time of the filing of the bankruptcy petition, Debtor held a total of 66.6% undivided fee simple interest in 7.07 acres of the Property and a 100% fee simple interest in 0.24 acres of the Property.

### C. Texas Homestead Law

Ms. Michelena objects to Debtor's declaration of homestead exemption, arguing that because Debtor never lived in the Large House, he never established the 7.07-acre tract of the Property as his homestead, and thus his homestead exemption claim is limited to the 0.24-acre tract of the Property known as the Cottage.[34] Ms. Michelena also contends that because Debtor shares ownership of the 7.07 acres with his brothers, Ronald Michelena and Ricardo Michelena, he is not entitled to a homestead exemption for that tract.[35] In the alternative, Ms. Michelena argues that if this Court finds that Debtor did establish the 7.07-acre tract as his homestead, he has since abandoned that homestead.[36] In support of her contentions, Ms. Michelena testified that video and picture evidence of the Large House prove that it has not been occupied for several years because there is mildew throughout the home, and it is infested by rodents.[37] Ms. Michelena further testified that a utility bill for the Large House reflecting a charge of about

---

[32] Debtor's Ex. 7, September 20, 2019 Hearing.
[33] Ms. Michelena's Ex. 28, September 20, 2019 Hearing.
[34] Ms. Michelena's Amended Objection at 2–3, ECF No. 218.
[35] Ms. Michelena's Amended Objection at 3, ECF No. 218.
[36] Ms. Michelena's Amended Objection at 2, ECF No. 218.
[37] Ms. Michelena's Testimony at 12:59:28–01:05:00, November 22, 2019 Hearing (testifying about Ms. Michelena's Ex. 22, September 20, 2019 Hearing).

seven dollars indicates that the Large House is not being used by anyone.[38] This Court finds Ms. Michelena's arguments unremarkable for the reasons set forth below.

First, Ms. Michelena argues that Debtor's homestead claim is limited to the 0.24-acre tract that was conveyed to him on April 30, 1992, because Debtor resides in the Cottage built on that tract of land.[39] Ms. Michelena maintains that Debtor never occupied the Large House and never used the 7.07-acre tract for homestead purposes.[40] Despite Ms. Michelena's arguments, Debtor has cleared the short hurdle necessary to establish a homestead claim under Texas law because he owns, possesses, and uses the entire Property as his homestead.[41]

Establishing a homestead under Texas law requires overt acts of homestead usage by the homestead claimant and an intent to claim the property as a homestead.[42] The warranty deed dated April 30, 1992, establishes that Debtor is the fee simple owner of the 0.24-acre tract on which the Cottage sits.[43] Debtor also has a 66.6% undivided interest in the remaining 7.07 acres of the Property, which are contiguous with the 0.24-acre tract.[44] And while ownership, without more, is not enough,[45] Debtor's uncontroverted testimony establishes that Debtor has lived on the Property for 30 years,[46] and a claimant's residence at the property is "the most satisfactory and convincing evidence of intention."[47]

Although Debtor does not reside in the Large House, he does use the 7.07-acre tract for homestead purposes. Debtor keeps his boat, his truck, and his lawnmower in the carport of the

---

[38] Ms. Michelena's Testimony at 02:27:20–02:28:50, November 22, 2019 Hearing (testifying about Debtor's Ex. 7, September 20, 2019 Hearing).
[39] Ms. Michelena's Amended Objection at 2, ECF No. 218.
[40] Ms. Michelena's Amended Objection at 2, ECF No. 218.
[41] *See In re Bradley*, 960 F.2d 502, 507 (5th Cir. 1992) ("The initial burden to establish the homestead character of property is a short hurdle.").
[42] *In re Ling*, 511 B.R. 83, 86 (Bankr. S.D. Tex. 2014).
[43] Debtor's Ex. 25, September 20, 2019 Hearing.
[44] Ms. Michelena's Exs. 27–28, September 20, 2019 Hearing.
[45] *In re Morgan*, 607 B.R. 880, 886 (Bankr. S.D. Tex. 2019).
[46] Debtor's Testimony 2:01:30–2:02:00, 4:09:10–4:11:15, December 3, 2019 Hearing.
[47] *In re Ling*, 511 B.R. at 86 (quoting *PaineWebber Inc. v. Murray*, 260 B.R. 815, 822–23 (E.D. Tex. 2001) (internal quotation marks omitted).

Large House.[48]  Additionally, Debtor maintains the lawn and trees on the entire tract,[49] pays for utilities and a security system for the both the Large House and the Cottage,[50] keeps a wood pile for his fireplace and wood-burning stove, on the 7.07-acre tract,[51] does his laundry in the carport of the Large House,[52] and uses the land to practice archery.[53]  All of these acts constitute homestead usage.[54]  Texas law dictates that "[p]ossession and use of land by one who owns it and who resides upon it makes it the homestead in law and in fact."[55]  Here, Debtor has sufficiently demonstrated both overt acts and intent because he has an ownership interest in the land, he resides on the land, and he uses the entire tract of land for homestead purposes such as storage and recreation.  Debtor met his burden in establishing that the Property is his homestead both in law and in fact.

Moreover, filing a designation of homestead prepetition also constitutes *prima facie* evidence of a homestead claim.[56]  At trial, Debtor demonstrated that he applied for and received a homestead exemption from the Hidalgo County Appraisal District on December 9, 2015, in effect for the 2014 appraisal year.[57]  Therefore, not only did Debtor establish his homestead claim through overt acts of homestead usage and intent to claim the property as a homestead, the approved homestead designation is *prima facie* evidence of the same.

### D. Whether Debtor Abandoned The Homestead

---

[48] Ms. Michelena's Ex. 22 Y, September 20, 2019 Hearing.
[49] Debtor's Ex. 8, September 20, 2019 Hearing; Debtor's Testimony 02:07:00–02:07:25, December 3, 2019 Hearing.
[50] Debtor's Exs. 5, 7, September 20, 2019 Hearing.
[51] Ms. Michelena's Ex. 22 Y, September 20, 2019 Hearing; Debtor's Testimony 02:03:54–02:04:30, 02:05:00–02:09:00, December 3, 2019 Hearing.
[52] Debtor's Testimony 02:05:00–02:06:00, December 3, 2019 Hearing.
[53] Debtor's Ex. 49, December 3, 2019 Hearing.
[54] *See, e.g.*, *Beckwith v. Harris County (In re Norra)*, 421 B.R. 782, 801 (Bankr. S.D. Tex. 2009) (homestead claimant using land for storage); *In re Ling*, 511 B.R. at 89 (homestead claimant using land for hunting and gathering); *Little v. Baker*, 11 S.W. 549, 550 (Tex. 1889) (homestead claimant using land for keeping a wood pile and a garden).
[55] *In re Bradley*, 960 F.2d at 507 (quoting *First Interstate Bank v. Bland*, 810 S.W.2d 277, 286 (Tex. App.—Fort Worth 1991, no writ).
[56] *In re Morgan*, 607 B.R. at 886.
[57] Debtor's Ex. 7, September 20, 2019 Hearing.

Second, Ms. Michelena argues that even if Debtor did establish the entire Property as his homestead at some point, he has since abandoned the 7.07-acre tract.[58] Ms. Michelena contends that the unlivable condition of the Large House, lack of efforts to repair, and Debtor's alleged failure to pay the property taxes indicate that he has abandoned the 7.07-acre tract.[59] Because Debtor met his burden in establishing the homestead character of the entire Property, the burden shifts to Ms. Michelena to prove that Debtor abandoned the 7.07-acre tract.[60] This Court is unpersuaded by Ms. Michelena's abandonment argument in light of the evidence presented by both parties.

Unlike Debtor's low hurdle to prove a homestead claim, Ms. Michelena's burden presents a greater hurdle. Texas law disfavors the severance of contiguous parcels of land into homestead and non-homestead tracts.[61] Therefore, Debtor's 0.24-acre tract of land and the 7.07-acre tract of land, in which he has an undivided interest, can be severed "only if there is *no* evidence that the [7.07-acre tract] is used for homestead purposes."[62] There exists at least *some* evidence in the record that the contiguous 7.07-acre tract[63] is used for homestead purposes and thus, the Property cannot and will not be severed into one homestead tract and one non-homestead tract by this Court.

---

[58] CREDITOR MONICA MICHELEN'S BRIEF IN SUPPORT OF HER OBJECTION TO DEBTOR ROBERT MARCUS MICHELENA'S CLAIMED HOMESTEAD EXEMPTION at 1–2, ECF No. 225 [hereinafter *Ms. Michelena's Brief in Support of Objection*].
[59] Ms. Michelena's Brief in Support of Objection at 19–20, ECF No. 225.
[60] *See Perry v. Dearing (In re Perry)*, 345 F.3d 303, 311 (5th Cir. 2003) ("Once the claimant has made a *prima facie* case in favor of homestead status, the objecting party has the burden of demonstrating that the homestead rights have been terminated.").
[61] *In re Bradley*, 960 F.2d at 508–09.
[62] *Id.* at 509.
[63] Debtor's Ex. 50, December 3, 2019 (establishing that the 7.07-acrea tract and the 0.24-acre tract are contiguous); *see also* Debtor's Testimony at 01:51:30–01:53:30, December 3, 2019 Hearing (establishing the same).

Ms. Michelena entered into evidence an August 24, 2017 video of the Large House wherein Debtor notes that nobody had been in the Large House in the preceding four years.[64] Ms. Michelena presented this evidence to support her argument that after Loretta Michelena's death and conveyance of her 50% interest in the 7.07-acre tract to Debtor, Debtor neither engaged in acts to make the Large House his homestead nor ever intended to make it his homestead.[65] Ms. Michelena also provided photos of the condition of the Large House to prove that Debtor does not use the Large House as his homestead, evidenced by the deteriorated and unlivable condition of that dwelling.[66] Ms. Michelena's evidence, however, is not dispositive. While it does tend to prove that Debtor is not living in the Large House, Debtor actively uses the tract for homestead purposes. Debtor's maintenance of the lawn and trees, use of the Large House and its carport to store a truck, a boat, a lawnmower, and a wood pile, and use of the surrounding land for recreational purposes such as archery practice, all establish that Debtor is making homestead usage of the 7.07-acre tract.[67]

Courts find numerous and sometimes seemingly insignificant acts to constitute usage of land for homestead purposes. For example, in *Beckwith*, the court found that because the homestead claimant used her land for storage, could freely move from one vacant living structure to another, and could "walk freely throughout or otherwise use the grounds," she was using the entirety of her property for homestead purposes and thus had not abandoned any portion of it.[68] Likewise, in *In re Ling*, the court found that although the homestead claimant was no longer using her land for productive farming, the fact that she hunted and gathered on her land was

---

[64] Ms. Michelena's Ex. 22, September 20, 2019 Hearing.
[65] Ms. Michelena's Brief in Support of Objection at 15, ECF No. 225.
[66] Ms. Michelena's Ex. 22, September 20, 2019 Hearing.
[67] Debtors Exs. 8, 45, 49, September 20, 2019 Hearing. Debtor's Testimony at 02:03:54–02:09:00, 04:09:10–04:11:15, December 3, 2019 Hearing.
[68] *Beckwith v. Harris County (In re Norra)*, 421 B.R. 782, 801 (Bankr. S.D. Tex. 2009).

enough to overcome an abandonment challenge.[69] In *Little*, the court found that although the homestead claimant lived on the first tract of land, the second and third contiguous tracts contained a wood pile and a garden and thus, the property in its entirety was used for homestead purposes.[70] Debtor uses the 7.07-acre tract for similar purposes as the claimants in the aforementioned cases—storage, recreation, and enjoyment.[71] Moreover, Debtor has been using the Property in this manner at least since he acquired a 66.6% interest in the 7.07-acre tract after Loretta Michelena's will was probated December 18, 2013.[72] Therefore, this Court finds that despite Ms. Michelena's argument to the contrary, Debtor has not abandoned the 7.07-acre tract of land because there is at least some evidence in the record that Debtor utilizes that tract for homestead purposes.[73]

### E. Whether Debtor's Homestead Property is Exempt

Third, Ms. Michelena argues that even if Debtor has not abandoned the 7.07-acre tract, Debtor jointly owns that tract with his two brothers, Ricardo Michelena and Ronald Michelena, as evidenced by the probated will of Debtor's father, Manuel G. Michelena,[74] and thus is not entitled to a homestead exemption in the 7.07-acre tract.[75] However, Debtor's joint ownership of the Property with his brothers has no bearing on the validity of his homestead exemption as to Debtor's 66.6% undivided interest in the 7.07-acre tract.[76] As a cotenant, Debtor is entitled to a homestead exemption coextensive with his undivided interest in the entire tract of land.[77]

---

[69] *In re Ling*, 511 B.R. at 89.
[70] *Little v. Baker*, 11 S.W. 549, 550 (Tex. 1889).
[71] Debtors Exs. 8, 29, 45, 49, September 20, 2019 Hearing.
[72] Debtor's Testimony at 02:00:30–02:09:00, 04:09:10–04:11:15, December 3, 2019 Hearing.
[73] It is undisputed by the parties that Debtor is entitled to a homestead exemption for the 0.24-acre tract on which the Cottage sits. See Ms. Michelena's Brief in Support of Objection at 1, ECF No. 224.
[74] Ms. Michelena's Ex. 27, September 20, 2019 Hearing.
[75] Ms. Michelena's Amended Objection at 3, ECF No. 218.
[76] *See Sipe v. Sayer*, 140 S.W.2d 297, 298 (Tex. App.—Eastland 1940, no writ) ("It has been definitely established that a man who resides with his family upon a jointly owned tract of land with his co-tenants may acquire a homestead exemption in his undivided interest in the entire tract of land . . . ."); *see also In re McCain*, 160 B.R. 933

To claim a jointly owned tract of land as a homestead, a claimant must have a present possessory interest in that land.[78] The probated wills of Manuel G. Michelena and Loretta Michelena vested Debtor and his brothers with joint ownership of 7.07 acres of the Property, making the brothers tenants-in-common under Texas law.[79] As a tenant-in-common, Debtor has a present possessory interest in the Property[80] and is in fact presently occupying the Property. Furthermore, each cotenant must have "an equal right to the occupancy, use and enjoyment of the estate, and [the right to] compel a partition of same."[81] Under Texas law, the co-tenancy relationship between Debtor and his two brothers conferred to each of them a right to possess and use the land and a right to sell or otherwise convey one's undivided interest in the 7.07 acres, without the consent of the other brothers.[82] Because each of the brothers has the aforementioned rights in the 7.07 acres and Debtor has met his burden in establishing the homestead character of the Property, he is entitled to a homestead exemption in his undivided interest in the entire tract of land.[83]

---

(Bankr. E.D. Tex. 1993) ("Emphasis should not be placed on the fact that Debtor owns an undivided ownership interest in the property. The undivided ownership interest is not a factor hindering Debtor's homestead claim. This conclusion is mandated by Texas case law.").

[77] *See id.*

[78] *Rettig v. Houston West End Realty Co.*, 254 S.W. 765, 767 (Tex. 1923) (holding that the claimant did not have a valid homestead interest in the land because he did not have a present right to occupy the land); see also In re Jenkins, 614 B.R. 230, 239 (Bankr. N.D. Tex. 2020) ("While seemingly broad, some Texas courts have suggested that the bare right to possess the property is insufficient, requiring instead that the homestead claimant hold some form of legally recognizable possessory interest in the property in order for the property to qualify for homestead status.").

[79] *See* TEX. EST. CODE § 101.002 (2009) (replacing Tex. Prob. Code § 46 (1969) (creating a tenant-in-common relationship between individuals that have an ownership interest in the same property as opposed to a joint tenancy relationship); *see also Roberdeau v. Jackson*, 656 S.W.2d 98, 100 (Tex. App.—Austin 1978, no writ) (explaining that Texas abolished joint tenancies by statute).

[80] *Conte v. Woomer (In re Woomer)*, 2013 Bankr. LEXIS 4223, at *30 (Bankr. E.D. Tex. 2013) ("A tenancy in common is a separate, undivided possessory interest in property.").

[81] *Rettig*, 254 S.W. at 767.

[82] *See City of Plano v. Hale*, 1993 Tex. App. LEXIS 3576, at *8 (Tex. App.—Dallas 1993, no writ) ("The primary characteristic of a cotenancy is the unity of the right to possession of the property. As a matter of right, each cotenant may sell, encumber, lease, or otherwise convey his undivided interest in the common property without the consent of his cotenants.").

[83] *See Sipe v. Sayer*, 140 S.W.2d at 298.

While Debtor's joint ownership of the 7.07-acre tract does not invalidate his homestead exemption claim, that claim is necessarily limited to his 66.6% undivided interest in the 7.07 acres and his fee simple interest in the 0.24 acres. A debtor's "homestead right in property can never rise any higher than the right, title, or interest that one owns in the property."[84] Allowing Debtor's homestead right in the tract to exceed 66.6% would prejudice the rights of his brothers because it would elevate Debtor's homestead interest above his brothers' right to partition the 7.07-acre tract.[85] Texas law forbids such.[86] Therefore, Debtor's homestead interest in the 7.07-acre tract extends only to the 66.6% undivided interest he owns and his homestead exemption is coextensive therewith.[87] This Court finds that Debtor's total homestead exemption is for the 0.24-acre tract he owns in fee simple and 66.6% of the 7.07-acre tract.

### F. Whether 11 U.S.C. § 522(p)(1) Is Applicable

Lastly, Ms. Michelena makes no argument regarding the effect of 11 U.S.C. § 522(p)(1) on Debtor's homestead exemption, but does note that Debtor's homestead designation from the Hidalgo County Appraisal District reflects a date of December 9, 2015.[88] Debtor argues that § 522(p)(1) has no effect on Debtor's homestead exemption because Debtor's chapter 11 petition was filed on May 4, 2019, and Debtor's homestead interest in the 7.07-acre tract was acquired well before the 1,215-day period preceding that petition.[89] Debtor's chapter 11 petition was filed on May 4, 2019.[90] The 1,215-day period preceding Debtor's petition began on November 4, 2015. Under § 522(p)(1), a debtor may not exempt any interest in real property that was

---

[84] *Sayers v. Pyland*, 161 S.W.2d 769, 773 (Tex. 1942).
[85] *See id.*
[86] *See id.*
[87] *See In re Anderson*, 357 B.R. 404, 410 (Bankr. S.D. Tex. 2006) (holding that Debtor's homestead interest in the property did not extend beyond her 80% undivided interest in the property because any greater interest would prejudice the rights of Debtor's cotenant who had a 20% undivided interest in the property).
[88] Ms. Michelena's Brief in Support of Objection at 18, ECF No. 225.
[89] DEBTOR ROBERT MARCUS MICHELENA'S BRIEF at 18, ECF No. 224.
[90] ECF No. 1.

designated as a homestead with the 1,215-day period. As Debtor correctly articulates, § 522(p)(1) is inapplicable to Debtor's 66.6% undivided interest in the 7.07-acre tract of the Property because Debtor's homestead interest in that tract accrued at least as late as the date Loretta Michelena's will was probated, December 18, 2013.[91] On that day, Debtor acquired an additional 50% undivided interest in the 7.07-acre tract, bringing his total undivided interest to 66.6%.[92]

There is also evidence in the record that Debtor was using that tract of land for homestead purposes at least at the time his mother's will was probated. At her November 14, 2019 deposition, Ms. Michelena testified that she lived with Debtor in the Cottage until May 2005 and that during the time she lived there, Debtor stored his boat in "Loretta Michelena's shed," raised cabritos (goats) on the land, and practiced archery "in back of Loretta's house."[93] Photo evidence indicates that Debtor continues to store his boat on the 7.07-acre tract[94] and still uses the land for archery practice.[95] Therefore, there is some evidence in the record that Debtor used the 7.07-acre tract for homestead purposes at least since the time his mother's will was probated, and thus, his homestead interest was acquired before November 4, 2015.

Further evidence exists in the Hidalgo County Appraisal District's homestead designation document, which is dated December 9, 2015, as Ms. Michelena correctly points out, but the document reads, "Your application for Homestead Exemption(s) has been Approved for the 2014 appraisal year."[96] That document is *prima facie* evidence that Debtor's homestead exemption was established no later than 2014 and the Court has not found any other compelling evidence,

---

[91] Ms. Michelena's Ex. 28, September 20, 2019 Hearing.
[92] Ms. Michelena's Exs. 28–29, September 20, 2019 Hearing.
[93] Debtor's Ex. 40, November 22, 2019 Hearing; *see also* Deposition of Ms. Michelena at 8, 59–61, November 14, 2019.
[94] Ms. Michelena's Ex. 22 Y, September 20, 2019 Hearing.
[95] Debtor's Ex. 49, December 3, 2019 Hearing.
[96] Debtor's Ex. 7, September 20, 2019 Hearing (emphasis in original).

as discussed in this opinion, to the contrary. Conclusively, this Court finds that § 522(p)(1) is inapplicable to Debtor's homestead exemption because that interest was acquired no later than 2014, well before the first day of the 1,215-day period preceding the filing of Debtor's chapter 11 petition.

Accordingly, Ms. Michelena's Objection is sustained in part and overruled in part. Robert Marcus Michelena's Texas homestead exemption pursuant to Tex. Const. art. 16 §§ 50, 51; Texas Prop. Code. Sec. 41.001-.002 shall encompass only his 66.6% undivided interest in the 7.07-acre tract and his 100% interest in the 0.24-acre tract that together comprise Manlorson's Estates All of Lot 1 Block 1, 7.31AC, more commonly known as 5121 W. Business Highway 83, McAllen, Texas 78501.

### IV.     CONCLUSION

A Judgment consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 08/24/2020.

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge